United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MISAEL BARDALES TROCHEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-09614 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Misael Bardales Trochez filed a petition for writ of *habeas corpus* under 28 USC §2241 on October 30, 2026. Dkt 1. He proceeds *pro se*. He alleges no facts concerning his entry into the United States but nonetheless contends that his current detention violates the Due Process Clause of the Fifth Amendment. Id at 6.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. But a show-cause order is not invariably required in every case. To the contrary, the Fifth Circuit holds:

> The district court has the power under Rule 4 [of the Rules Governing Section 2254 Cases] to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the

> respondent by ordering an unnecessary answer."

*Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting 28 USC foll §2254 Rule 4 Advisory Committee notes. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Supreme Court further observes, "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v Scott*, 512 US 849, 856 (1994), citing Rule 2(c), Rules Governing Section 2254 Cases. To that end, Rule 2(c)(2) requires a *habeas* petition to "state the facts supporting each ground" for relief. To satisfy this requirement, the petition must "set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." *Taylor v Maggio*, 581 F Supp 359, 363 (ED La 1984) (citation omitted). "[M]ere naked charges without some rational basis in supportive fact are not enough." Ibid. And further, "conclusory allegations are insufficient to state a viable claim for habeas relief." *Diaz v Kopp*, 146 F4th 301, 308 (2d Cir 2025), citing Rules 2(c)(2) and 4, Rules Governing Section 2254 Cases. A petition that fails to allege sufficient facts in violation of this rule is subject to summary dismissal under Rule 4. *McFarland*, 512 US at 856.

The current petition doesn't meet this standard. It alleges only that (i) Petitioner was detained on September 15, 2026, (ii) his immigration proceedings are pending, and (iii) he isn't a flight risk or a danger to the community. Dkt 1 at 4, 6. He maintains that his detention violates the Due Process Clause as unlawful, unnecessary, and prolonged. But the spare facts alleged don't address the basis for his detention. For example, the petition alleges no facts about (i) the circumstances of his arrival in the United States, (ii) his contact with immigration officials upon arrival, (iii) the status of any pending immigration proceedings, or (iv) the statute or authority under which he is being detained. As such, the allegations are insufficient

to suggest that his present detention is either unlawful or in constitutional error.

Absent factual allegations, it isn't clear what statutory provision may govern Petitioner's current detention. Even so, it bears mention that the Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A), holding that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission" and thus is subject to mandatory detention under that statute. *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026). It has also issued a separate decision with respect to the constitutionality of detention under §1225(b)(2)(A) during removal proceedings for aliens who have never been admitted, holding that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. *Sosnava Rodriguez v Ortega*, 2026 WL 3181188, at *5–6, 9–10 (5th Cir, *en banc*). It also stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id at *11.

Beyond that, the undersigned has now ruled on over 450 petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes a decision holding that the Government isn't estopped from enforcing §1225(b)(2)(A) as written, despite contrary decisions by, or priorities of, past Administrations. See *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex).

Petitioner's failure to allege facts to support his claim of unconstitutional detention violates Rule 2(c)(2) and renders his petition subject to summary dismissal under Rule 4. His petition will thus be dismissed without prejudice as facially insufficient.

* * *

The petition for writ of *habeas corpus* by Petitioner Misael Bardales Trochez is dismissed without prejudice. Dkt 1.

***Petitioner is advised that he may file a prompt motion for reconsideration or a second petition at a later time, either of which must allege additional facts and include supporting documents sufficient to suggest that his current detention isn't authorized by applicable law.***

This is a FINAL JUDGMENT.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on November 2, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge